# KIRKLAND & ELLIS LLP

609 Main Street
Houston, TX 77002
United States

Rex W. Manning
To Call Writer Directly:
+1 713 836 3474
rex.manning@kirkland.com

+1 713 836 3600

Facsimile:
+1 713 836 3601

www.kirkland.com

July 20, 2026

**Via E-Mail**

The Honorable George C. Hanks, Jr.
United States District Court for the
Southern District of Texas
515 Rusk
Houston, Texas 77002

Re:   *Gui. et al., Case No. 26-cv-05680* (S.D. Tex.)*,* on appeal from *In re QVC Group, Inc., et al., Case No. 26-90447 (ARP)* (Bankr. S.D. Tex.)

Dear Judge Hanks:

I write on behalf of the QVC Debtors in response to a request from certain appellants to stay entry of a confirmation order from the Bankruptcy Court on an emergency basis. We write on a preliminary basis to apprise Your Honor of important information about that request.

*First*, at 1:00 PM tomorrow (Tuesday, July 21), Judge Perez of the U.S. Bankruptcy Court will consider an identical stay request from the same appellants. Judge Perez is holding that hearing on an emergency basis because the same appellants asked him to do so. Judge Perez has not ruled on appellants' stay motion. We are following the process the Federal Rules of Bankruptcy Procedure contemplate: When an appellant seeks to stay entry of a bankruptcy court order pending appeal, the bankruptcy court should first consider—and first rule on—the stay request. *See* FRBP 8007(a)(1). The only exception is when the movant can show that it is "impracticable" to first move in the bankruptcy court. *See* FRBP 8007(b)(2)(A). These appellants cannot make this showing because they not only filed their motion in the Bankruptcy Court in the first instance, but they are also getting a hearing on their motion.

*Second*, there is no emergency. Bankruptcy Rule 3020(e) provides for an automatic stay of confirmation orders for 14 days. The Debtors have not sought a waiver of that provision, and they are not seeking one. The Debtors will not consummate the transactions in their confirmed plan until the 14-day automatic stay expires. Accordingly, there is sufficient time for the Bankruptcy Court to rule and, if Judge Perez denies the stay request, to brief the stay issues in

## KIRKLAND & ELLIS LLP

The Honorable George C. Hanks, Jr.
July 20, 2026
Page 2

the District Court.  Until then, this Court should abstain from ruling on appellants' motion, which could risk inconsistent results.

*Third*, appellants' motion is wrong on the facts and the law.  Tonight, in the Bankruptcy Court, the Debtors will be filing a lengthy opposition brief and supporting declaration.  We will provide a courtesy copy of our filing on the District Court docket, so that Your Honor has it.  We will also provide notice of the Bankruptcy Court's ruling, once Judge Perez rules.  If Judge Perez denies the stay motion, we will also formally respond to appellants' motion in the District Court on whatever schedule Your Honor sets.

We thank the Court for its attention to this matter and are happy to address any questions the Court may have.

Sincerely,

*/s/ Rex W. Manning*
Rex W. Manning