**GLENN AGRE BERGMAN & FUENTES** ▸

Andrew K. Glenn
aglenn@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1601

July 23, 2026

**VIA EMAIL**

The Honorable George C. Hanks, Jr.
United States District Judge
United States District Court for the
Southern District of Texas
515 Rusk Street
Houston, Texas 77002

> Re:    *Gui et al.*, Case No. 26-cv-05680 (S.D. Tex.), on appeal from *In re QVC Group, Inc., et al.*, Case No. 26-90447 (ARP) (Bankr. S.D. Tex.)

Dear Judge Hanks:

We write on behalf of appellants Adam Gui and certain other preferred shareholders (collectively, the "Preferred Shareholders") of QVC Group, Inc. ("QVCG" and, together with its debtor subsidiaries and affiliates in the Chapter 11 cases styled *In re QVC Group, Inc., et al.*, Case No. 26-90447 (ARP) (Bankr. S.D. Tex.), the "Debtors") in response to the letters filed by Kirkland & Ellis LLP on behalf of the Debtors on July 20, 2026 [Dkt. No. 5] and July 22, 2026 [Dkt. No. 9], and to apprise the Court of material developments bearing on the *Preferred Shareholders' Emergency Motion for Stay Pending Appeal* [Dkt. No. 3] (the "Stay Motion").[1]

The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") held a hearing on July 21 on the Preferred Shareholders' stay motion pending in that court and gave an oral ruling (and entered an order at Bankr. Dkt. No. 750) on July 22 denying the requested stay, as reflected in the amended Stay Motion filed concurrently herewith. The Preferred Shareholders respectfully disagree with the Bankruptcy Court's findings for the reasons set forth in the amended Stay Motion and intend to challenge them on appeal. In light of this ruling, the Stay Motion pending before this Court is now fully ripe for consideration, and the Court's prompt attention is warranted given the narrow timeframe before the Debtors will be free to consummate the Plan and potentially moot the Preferred Shareholders' appeal.

In their July 20 letter, the Debtors represented to this Court that "Bankruptcy Rule 3020(e) provides for an automatic stay of confirmation orders for 14 days" and that "[t]he Debtors have not sought a waiver of that provision, and they are not seeking one." *See* Dkt. No. 5 at 1. At the hearing in the Bankruptcy Court on July 21, the Debtors confirmed this representation on the record and stipulated that they will not seek a waiver of the automatic stay under Bankruptcy Rule

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stay Motion.

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com

**GLENN AGRE BERGMAN & FUENTES** ▶

3020(e).  The Preferred Shareholders acknowledge this commitment.  However, because the Confirmation Order was entered on July 20, 2026, the fourteen-day automatic stay under Rule 3020(e) will expire on August 3, 2026.  Once that stay lifts, nothing will prevent the Debtors from causing the Effective Date to occur, consummating the Plan, transferring QVCG's distributable cash and its 62% equity interest in Cornerstone to QVC, canceling the Preferred Stock, and implementing releases binding on the Preferred Shareholders—actions that would threaten to render the pending appeal equitably moot.

Accordingly, notwithstanding the Debtors' agreement not to seek a waiver of Rule 3020(e)—which the Debtors communicated to the Preferred Shareholders only after the Stay Motion had already been filed in this Court—the Preferred Shareholders remain up against a tight timeframe.  Indeed, the Debtors have advised that they do not intend to file their opposition to the Stay Motion until no later than July 27, 2026 (*see* Dkt. No. 9 at 1–2).  The Preferred Shareholders respectfully request that the Court schedule a hearing on the Stay Motion no later than July 28, 2026, and, if practicable, as early as July 27, 2026, so that the merits of the stay request can be heard and decided well in advance of the expiration of the automatic stay.

If the Court is unable to hold a hearing and rule on the Stay Motion by July 28, 2026, the Preferred Shareholders respectfully request that the Court enter an interim stay of the Confirmation Order, effective no later than August 3, 2026 (when the Rule 3020(e) automatic stay expires), and continuing through the Court's resolution of the Stay Motion and, if the Court ultimately denies a stay pending appeal, through such additional time as may be necessary for the Preferred Shareholders to seek review of that denial by the United States Court of Appeals for the Fifth Circuit, including any motion for a stay pending appeal in that court.  An interim stay would impose no meaningful burden on the Debtors or other parties in interest: QVCG's assets will remain intact and available for distribution should the Preferred Shareholders ultimately not prevail, and the Plan itself contemplates that the Effective Date for one Debtor may occur before the Effective Date for another.  The Preferred Shareholders seek only to ensure that the status quo is preserved long enough for all available avenues of appellate review to be meaningfully pursued before the Debtors are free to take irreversible action.

The Preferred Shareholders also wish to note that the Debtors' June 20 letter urged this Court to "abstain from ruling on appellants' motion" pending the Bankruptcy Court's decision. *See* Dkt. No. 5 at 2.  Now that the Bankruptcy Court has ruled and denied the stay, the basis for that request has been eliminated.  The Preferred Shareholders' Stay Motion is properly before this Court under Bankruptcy Rule 8007(b)(2)(A) and (B), and there is no longer any risk of inconsistent rulings from simultaneous proceedings.

The Preferred Shareholders respectfully refer the Court to their amended Stay Motion filed concurrently herewith and the supporting papers filed therewith, which set forth in detail the substantial legal questions presented by this appeal and the basis for a stay under the four-factor test applied in the Fifth Circuit.

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com

The Honorable George C. Hanks, Jr.
July 23, 2026
Page 3 of 3

GLENN AGRE BERGMAN & FUENTES

We thank the Court for its attention to this matter and are available to address any questions the Court may have.

Sincerely,

Andrew K. Glenn