# KIRKLAND & ELLIS LLP

Rex W. Manning
To Call Writer Directly:
+1 713 836 3474
rex.manning@kirkland.com

609 Main Street
Houston, TX 77002
United States

+1 713 836 3600

www.kirkland.com

Facsimile:
+1 713 836 3601

July 23, 2026

**Via ECF**

The Honorable George C. Hanks, Jr.
United States District Judge
United States District Court for the
Southern District of Texas
515 Rusk St., Room 11535
Houston, Texas 77002

Re:  *Gui. et al., Case No. 26-cv-05680* (S.D. Tex.)*, on appeal from In re QVC
     Group, Inc., et al., Case No. 26-90447 (ARP)* (Bankr. S.D. Tex.)

Dear Judge Hanks:

I write for the QVC Debtors in response to certain preferred shareholders' letter filed on July 23, 2026 [Dkt. No. 17] and in response to the *Preferred Shareholders' Amended Emergency Motion for Stay Pending Appeal of Confirmation Order, or, in the Alternative, For Limited Stay and Interim Stay Pending Hearing* [Dkt. No. 14] (the "Motion"). The Debtors are preparing their opposition to the motion. They write now, however, to note their opposition to the "interim stay" that the preferred shareholders propose. Given the substantial harm that a stay would cause the bankruptcy estates and their creditors, as the Bankruptcy Court explained yesterday in its lengthy bench ruling, *see* Bk.Dkt.746, Hr'g Audio at 21:00–24:00, an interim stay is not warranted.

*First*, as the preferred shareholders recognize in their letter, under Bankruptcy Rule 3020(e), a 14-day statutory stay is in place until August 3, 2026. Any request for a stay to take effect before then is therefore redundant and improper.

*Second*, although the preferred shareholders argue that an interim stay "would impose no meaningful burden on the Debtors or other parties in interest," Dkt. No. 17 at 2, the Bankruptcy Court found—on an undisputed factual record—that a stay would "wreak havoc on the Debtor's proposed restructur[ing]." Bk.Dkt.746, Hr'g Audio at 21:48–22:02. By contrast, the only harm the preferred shareholders argue that they might suffer absent an interim stay is the risk that their appeal could become equitably moot. Dkt. No. 17 at 2. But many courts in the Fifth Circuit,

# KIRKLAND & ELLIS LLP

The Honorable George C. Hanks, Jr.
July 23, 2026
Page 2

including this Court, have held the possibility of the application of equitable mootness does *not* demonstrate irreparable injury. *In re National CineMedia, LLC*, 2023 WL 5030098 at *8 (S.D. Tex., 2023). The balance of harms therefore counsels against an interim stay.

*Finally*, should the Court order an interim stay, it should require the preferred shareholders to post a bond of $1,152,511.42 per day. At yesterday's hearing, Bankruptcy Court ruled the required bond amount for a stay would be no less than $631 million. Bk.Dkt.746, Hr'g Audio at 27:38–27:44. The Bankruptcy Court determined this amount based on uncontroverted testimony of ongoing harms to the nonmovants, including the mounting degradation of the QVC and Cornerstone businesses and the losses to QVC's creditors. The Bankruptcy Court further determined that any appellate process, and accompanying stay, would last at least 18 months, which equates to a daily bond amount of $1,152,511.42. Judge Perez's bond ruling has not been stayed or appealed, let alone reversed. Thus, although the Debtors oppose any stay, interim or otherwise, if this Court should order an interim stay, the Bankruptcy Court's order requires a $1,152,511.42 per-day bond.

We thank the Court for its attention to this matter and are happy to address any questions the Court may have.

Sincerely,

*/s/ Rex W. Manning*

Rex W. Manning