United States Courts
Southern District of Texas
FILED
*August 24, 2026*
Nathan Ochsner, Clerk of Court

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 3, 2026
Lyle W. Cayce
Clerk

No. 26-20412

IN THE MATTER OF QVC GROUP, INCORPORATED, ET AL.

DEBTOR

ADAM GUI; CITADEL AMERICAS, L.L.C.; CONVERIUM CAPITAL, INCORPORATED; CYGNUS OPPORTUNITY FUND, L.L.C.; FORE CAPITAL; HIGHBRIDGE TACTICAL CREDIT INSTITUTIONAL FUND, LIMITED; HIGHBRIDGE TACTICAL CREDIT MASTER FUND, L.P.; KENNETH GROSSMAN; MYCOR L/S CREDIT MASTER FUND, L.P.; NEW HOLLAND TRADING, L.L.C., *formerly known as* PLUM ISLAND PARTNERS, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

QVC GROUP, INCORPORATED, *also known as* QURATE RETAIL, INCORPORATED; QVC SAN ANTONIO, L.L.C.; AFFILIATE INVESTMENT, INCORPORATED; AFFILIATE RELATIONS HOLDINGS, INCORPORATED; AMI 2, INCORPORATED, ET AL.

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:26-CV-5680

UNPUBLISHED ORDER

Before GRAVES, WILSON, and RAMIREZ, *Circuit Judges*.

JAMES E. GRAVES, JR.:

Appellants, creditors in a bankruptcy action, object to the bankruptcy court's Confirmation Order. They moved for a stay pending appeal, which the bankruptcy court denied. They then moved for a stay pending appeal in the district court, which was similarly denied. Now, while their appeal of the Confirmation Order is pending in the district court, they filed an emergency motion for a stay pending appeal in our court. Appellees in turn filed a motion to dismiss based on lack of jurisdiction.

Upon completion of the briefing, the parties seem to agree that we lack jurisdiction over a denial of a stay pending appeal of a bankruptcy court's confirmation order. *See Nat'l CineMedia, L.L.C. v. Nat'l CineMedia L.L.C. (Matter of Nat'l CineMedia, L.L.C.)*, No. 23-20367, 2023 WL 11892831, at *1 (5th Cir. Aug. 9, 2023) (per curiam) (citing *Na'tl Bank of Com. v. Barrier (In re Barrier)*, 776 F.2d 1298, 1299 (5th Cir. 1985) (per curiam)). So, the only way we can assert jurisdiction is through a writ of mandamus.

However, Appellants failed to raise mandamus in their original motion for a stay. Though they cited the All Writs Act, they did not discuss the mandamus standard, style their motion as a petition for a writ of mandamus, or even mention the word mandamus. Instead, they chose to make other unavailing jurisdictional arguments. It wasn't until Appellees pointed out that mandamus was the only available jurisdictional option that Appellants chose to brief it, though insisting they had originally raised it. But they cannot now transform their motion into a mandamus petition. *See generally SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) ("Any issue not raised in an appellant's opening brief is forfeited." (citation modified)).

We likewise decline Appellants' invitation to construe their motion as a petition for a writ of mandamus. *See In re Barrier*, 776 F.2d at 1300. But even

if we did, it is far from clear that they would be able to meet the standard for mandamus relief because Appellants must demonstrate a "clear and indisputable right to the writ." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019). And they must show that they would suffer irreparable harm to obtain a stay pending appeal. *In re Sealed Pet'r*, 106 F.4th 397, 402 (5th Cir. 2024).

Appellants argue that they face irreparable injury because if the Confirmation Order goes into effect, the doctrine of equitable mootness could harm them in a future appeal. This is possible, but many courts in this circuit have concluded that the risk of equitable mootness is not irreparable injury. *See, e.g.*, *In re Container Store Grp., Inc.*, No. 24-90627, 2025 WL 4226766, at *9 (Bankr. S.D. Tex. Apr. 7, 2025); *American Multi-Cinema, Inc. v. National CineMedia, LLC (In re Nat'l CineMedia, LLC)*, No. 4:23-CV-02414, 2023 WL 5030098, at *8 (S.D. Tex. Aug. 4, 2023) (noting that the possibility that equitable mootness will apply is not irreparable injury).

As litigation continues, equitable mootness might apply. But it might not. In fact, the doctrine is more limited in the Fifth Circuit than in many of our sister circuits. *New Indus., Inc. v. Byman (Matter of Sneed Shipbuilding, Inc.)*, 916 F.3d 405, 409 (5th Cir. 2019) (noting that courts should treat it as a "scalpel rather than an axe" (citation modified)). And since equitable mootness is a prudential consideration, rather than a jurisdictional one like traditional Article III mootness, there can be no clear determination that it will apply. *Talarico v. Ultra Petroleum Corp. (Matter of Ultra Petroleum Corp.)*, No. 21-20049, 2022 WL 989389, at *2 (5th Cir. Apr. 1, 2022). Without a clear showing of harm, Appellants cannot meet the standard for mandamus relief.

So, we grant Appellees' motion and DISMISS the appeal for lack of jurisdiction.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 24, 2026

Mr. Nathan Ochsner
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

No. 26-20412 Gui v. QVC Group
USDC No. 4:26-CV-5680

Dear Mr. Ochsner,

Enclosed is a copy of the judgment issued as the mandate.

Sincerely,

LYLE W. CAYCE, Clerk

Amanda M. Duroncelet

By: ______________________
Amanda M. Duroncelet, Deputy Clerk
504-310-7636